89 P.2d 613

**SNYDER v. McCAIN.**

No. 4412.

Supreme Court of New Mexico.

Feb. 20, 1939.

Rehearing Denied May 1, 1939.

Riley Cleveland, of Hobbs, for appellant.

Don G. McCormick and Harris & Williams, all of Hobbs, for appellee.

SADLER, Justice.

This is an appeal from a judgment foreclosing a conditional sales contract on a certain Ford automobile. In his complaint the plaintiff alleged grounds of replevin,

prayed that a writ of replevin issue and that the automobile be delivered into his possession for purposes of sale to satisfy the judgment to be rendered. Judgment followed trial directing sale of the property to satisfy the amount adjudged due under the contract; the automobile, being in plaintiff's possession under the writ of replevin theretofore issued and served, was ordered sold by a Special Master appointed by the court to conduct the sale unless the defendant within thirty days thereafter should make good to plaintiff the default adjudged.

The facts out of which the controversy arose are these: On July 9, 1937, the defendant purchased from the plaintiff a Ford automobile under a conditional sales contract which is in evidence. Unable to make the down payment in cash, the defendant turned in a certain Chevrolet automobile at an agreed take-in value of $233 and paid $42.54 in cash. As a part of the same transaction he delivered to plaintiff a certain instrument designated "Buyer's Order" signed by him in the nature of an application for the purchase, among other things, reciting: "I certify that the car I am trading in is free from all incumbrances whatsoever." It later developed that the trade-in car was covered by a conditional sales contract having the effect of a chattel mortgage on file with the county clerk in a Texas county and that the car had been removed from Texas into New Mexico without the knowledge or consent of the mortgagee. Demand was made upon plaintiff for the payment of the balance due against the Chevrolet car and plaintiff in return made demand upon the defendant. The latter refused payment, whereupon the plaintiff in order to protect against the seizure and return of the Chevrolet car paid over to the mortgagee the sum of $251.88, the balance due under said contract, and took an assignment of the conditional sales contract from the holder thereof. All of the facts stated are within the findings of the trial court and supported by the evidence.

The conditional sales contract under which defendant purchased the Ford automobile from plaintiff, among other things, provided: "Time is of the essence of this contract and in the event the purchaser defaults on any payment or fails to comply with any condition of this contract, or a proceeding in bankruptcy, receivership or insolvency be instituted against the purchaser or his property, or the seller deems himself insecure, or the seller deems the property in danger of misuse or confiscation, this contract shall be in default and the full amount shall immediately become due and payable. Upon any such default the seller or any officer of the law may take immediate possession of said property, including any equipment or accessories thereto without legal process, without demand (possession after default being unlawful), and for this purpose the seller may enter upon the premises where said property may be and remove same. * * *" The contract further provided for a resale of the property so retaken and, after deducting from the proceeds of the sale the ex-

penses of retaking and selling such property, including reasonable attorney's fees, for the application of the balance in payment of the amount due under the contract and the payment over to the purchaser of any surplus.

The provisions of the conditional sales contract are so definite and certain as respects the right of the seller to retake the property sold after default and sell the same to satisfy the balance due that no controversy arises between the parties in this regard. There are really only two matters which seem to be controverted. One is over the question whether this is such a default as is contemplated under the conditional sales contract. The other relates to sufficiency of proof that the Chevrolet car was removed from Texas without the consent of the mortgagee. We shall deal with these points in their order. The first falls under defendant's assignment of error No. 1, reading: "The court erred in finding that the defendant had breached the sale contract."

■■ We think the trial court correctly concluded there had been a breach of the conditional sales contract. The defendant's contrary contention seemingly rests upon the undisputed fact that he was not in default as to current monthly installments on the car. Punctuality in payment of current installments, however, did not cure his default with respect to his initial payment. Nor does his want of knowledge of the lien against the Chevrolet traded in, as testified by him, improve his position. The Texas mortgagee under the conditions here shown will be preferred even as against a good faith purchaser or attaching creditor in New Mexico. Hart v. Oliver Farm Equipment Sales Co., 37 N.M. 267, 21 P.2d 96. This proposition is not challenged by the defendant. His contention under this assignment simply is that there has been no default.

If the purchaser, instead of employing the trade-in value of a used car to make the down payment, had delivered a bad check therefor, there would scarcely be a contention that this did not constitute "default" under the terms of the contract. We can see little difference between that case and one of delivering an incumbered car, warranted free of incumbrances, for the same purpose.

■ The second point is embodied in defendant's assignment of error No. 2, reading: "The court erred in finding that the trade in car was removed from the State of Texas without the consent of the mortgagee."

The trial court found that it was so removed. When it made this finding it had before it a stipulation of the parties reading as follows:

"That the Conditional Sales Contract, a copy of which is attached to plaintiff's Complaint and marked Exhibit "C" was signed by O. B. McCormick on May 3, 1937, and was for a valuable consideration thereupon delivered to the Sulphur Springs Motor Company of Sulphur Bluff, Texas.

"That F. A. Ware is the Manager of the Dallas Branch of the General Motors Acceptance Corporation and that if the said F. A. Ware were present in Court he would testify that said Conditional Sales Contract marked Exhibit "C" and attached to plaintiff's Complaint, had, prior to July 9, 1937, for a valuable consideration been assigned to the General Motors Acceptance Corporation and that the General Motors Acceptance Corporation did not permit nor consent that O. B. McCormick should remove said 1935 Standard Chevrolet Sedan from the State of Texas to the State of New Mexico."

That the trial court with propriety might base the challenged finding on the stipulation above seems not open to question.

As a logical sequitur to assignments 1 and 2 just disposed of the defendant finally complains that "the court erred in rendering judgment for the plaintiff." In holding the first two assignments are not well taken, we thereby resolve against him his third and last claim of error.

The judgment of the trial court will be affirmed and it is so ordered.

BICKLEY, C. J., and ZINN and MABRY, JJ., concur.

BRICE, J., did not participate.